SAMUEL SIMPSON'S EXRS. *v.* DONA M. SIMPSON.

[Abstract Kentucky Law Reporter, Vol. 5—699.]

**Construction of Will.**

> When a testator directs that out of the proceeds of the sale of his real estate his executor should pay to his daughter $1,500, "which I wish to be placed at interest in safe hands and her to receive the interest, * * * also to use whatever amount of the principal that may be necessary for her support and comfort, and at her decease whatever of said amount may be left may be divided as the other part of my estate is divided among my heirs," it is held to mean that the testator did not desire any part of the principal fund not absolutely necessary for her support to be divested from his other children named as his residuary legatees; that the testator intended that said sum should be paid to a trustee for her use, that it was error for the lower court to direct the payment to said daughter absolutely.

APPEAL FROM ADAIR CIRCUIT COURT.

February 16, 1884.

OPINION BY JUDGE LEWIS:

The third clause of the will of Samuel Simpson, deceased, is as follows: "It is my will that at my death my property including my land be sold on a reasonable credit and out of the proceeds of the same that my executors pay to my daughter, Dona Martha, the sum of $1,500, which I wish to be placed at interest in safe hands and her to receive the interest on the same, and also to use whatever amount of the principal that may be necessary for her support and comfort, and at her decease whatever of .said amount may be left may be divided as the other part of my estate is divided among my heirs." By the next clause of the will the residue of his estate

is to be divided in the manner therein specified amongst his other children.

At the August term of the court, 1874, a petition ex parte was filed by the executor and devisees under the will asking for a judgment construing it, and at the February term, 1877, the court made an order appointing A. P. Simpson trustee for Dona M. Simpson, and he duly qualified and entered into bond for the faithful discharge of his duties as such trustee. Subsequently appellee, Dona M. Simpson, appeared and filed an answer made a cross-petition in the same action seeking a judgment for the immediate payment to her by the executors of the amount devised to her by the third clause of the will, and at the February term, 1880, of the court it was adjudged in the language of the court that the third clause of the will was absolute and vested said fund in Dona M. Simpson in fee simple, and that she is entitled to receive said sum without qualification or restriction. Accordingly the executors were directed to pay the same over to her.

It is obvious that the controlling desire of the testator was the support and comfort of his afflicted daughter, and with that chief end in view he did not confine the expenditure of the sum necessarily to the interest, but directed the use of so much of the principal as might be required. But at the same time it is equaly obvious that he did not desire any part of the principal fund not absolutely necessary for her support to be divested from his other children, but that they should at her death take whatever of the fund might be left. Both these objects can be accomplished, and the intention of the testator in respect to both appellee and his other children can be carried out without disregarding any part of the third clause of the will, for when properly construed it is entirely harmonious and consistent in all its parts.

The words "that my executors pay to my daughter, Dona Martha, the sum of $1,500" was manifestly meant by the testator to be a direction to pay the same to a trustee for her use, or for her support and comfort. To construe the language to mean a literal and immediate payment of the money to her is to make not only the third clause but the sentence in which the language occurs inconsistent and meaningless. The court therefore erred in adjudging that she is entitled to receive said sum without qualification or restriction,

and in rendering judgment in her favor for the receiving of it in her own person.

The judgment must be *reversed* and cause remanded for further proceedings consistent with this opinion.

*Jos. E. Hayes, for appellant.*

*T. C. Winfrey, for appellee.*